## ALICE MONTANT
### *vs.*
## LOUIS T. MONTANT, ET AL.

Superior Court      New Haven County      File No. 53323

MEMORANDUM FILED APRIL 14, 1939.

*Chambers, Hesselmeyer & Grimes,* of New Haven, for the Plaintiff.

*Daggett & Hooker,* of New Haven, for the Defendants.

SIMPSON, J. The defendant is a nonresident and the plaintiff, who is also a nonresident, seeks to apply the property or estate of the defendant located in this state toward the pay-

ment of a judgment she alleges she obtained in the State of New York against the defendant. No personal service has been made on the defendant.

The plaintiff has alleged in her complaint, paragraph 3, that the defendant is the beneficiary under a trust of which the Union & New Haven Trust Company is trustee and that under the terms of the trust the trustee is to pay the net income of the trust to the defendant during his natural life. It does not appear that the trust is in any manner a spendthrift trust, nor that the defendant's right to receive the net income thereof is in any way limited.

The plaintiff claims to have sequestered the beneficial interest of the defendant in the trust in the following manner and that by reason thereof the court now has jurisdiction over that beneficial interest as in an action *in rem*:

1. By garnishment of income not paid over to the defendant at the bringing of the action, and by subsequent supplementary garnishment proceedings.

2. By an injunction enjoining the trustee from paying over to the defendant any income occurring from the trust.

3. By an attachment of the defendant's entire life use in the trust.

No question is now made as to the efficacy of the garnishee processes.

The injunction is broad enough to apply to sums that may have been garnisheed and to this extent should not be dissolved.

That a garnishee process cannot reach future accruing income, seems to be conceded. That conclusion is justified by several cases in this state. It is at least questionable whether future accruing income can be held by an injunction. It seems, however, that generally speaking, it cannot be so held and brought within the jurisdiction of the court.

The real substantial question turns upon the further question whether a life estate such as is alleged in the complaint, can be attached, and if so, whether or not it has been attached in this case.

Different cases in this state support the proposition that a life estate can be attached and taken for the payment of the debts of the beneficiary. The only limitation upon such an

attachment is whether the value of the life estate is reasonably capable of ascertainment. The life estate alleged in the complaint appears to be the ordinary life estate of personal property. There is nothing in the case to indicate that its value is not reasonably capable of ascertainment.

Whether or not the entire life estate has been attached is a question of some doubt. As stated above, the life estate is described in the complaint. If it was only intended to serve a garnishee process, it would have been unnecessary to make this allegation in the complaint. The sheriff was directed to attach the "goods" or "estate" of the defendant, the estate was described in the complaint, and the writ and complaint was left with the trustee. The officer's return states that he attached as the property of the defendant all money and debts due to or belonging to the defendant in the hands of the within named garnishee. The legal effect of the proceeding may be subject to doubt. The defendant has pointed no way by which a life estate may be attached. No way occurs to the court how it may be otherwise done.

Taking everything into consideration, the court is of the opinion the injunction should not be dissolved. There is a serious question of law involved, and the matter ought to stand in *status quo* until the different questions of law may be authoritatively determined. Out of consideration for both parties these questions ought to be determined as soon as they reasonably may be.

The motion to dissolve is therefore denied. This, of course, also takes care of the motion to strike out the prayers for relief.